IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIFFANY ANDRES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-10-4753 |
| | § | |
| CYPRESSWOOD SURGERY | § | |
| CENTER, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on the Motion for

Summary Judgment ("Motion") [Doc. # 96] filed by Defendants Cypresswood

Surgery Center, L.P., Titan Health Corporation, Center for Pain Recovery, P.A., and

Mark D. Barhorst.[1]  Plaintiff Tiffany Andres filed a Response [Doc. # 101], and

Defendants filed a Reply [Doc. # 104].

## I.    BACKGROUND

Plaintiff is an African-American female.  Through a staff leasing agreement

with Titan Health Corporation ("Titan"), Plaintiff worked for Defendant Cypresswood

---

[1]    Also pending is Defendants' Motion for Partial Summary Judgment on Plaintiff's
Medical Damages Claims [Doc. # 97], to which Plaintiff filed a Response [Doc.
# 102], and Defendants filed a Reply [Doc. # 105].  Because Plaintiff's lawsuit is
time-barred, the Motion for Partial Summary Judgment on a damages issue is
**DENIED AS MOOT**.

Surgery Center, L.P. ("Cypresswood") as a surgical technician, and for Center for Pain Recovery as a billing clerk.  Defendants terminated Plaintiff's employment in December 2008.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 16, 2008, alleging race discrimination and retaliation based on events that had already occurred.  *See* Charge of Discrimination, Exh. B to Motion.  The EEOC issued a Dismissal and Notice of Rights dated and mailed on May 18, 2010.  *See* Notice of Rights, Exh. C to Motion.

Plaintiff filed a *pro se* Complaint on November 10, 2010.  After retaining counsel, Plaintiff filed a Second Amended Complaint [Doc. # 83] on November 10, 2011, asserting a single Title VII claim.  Plaintiff alleges that she was subjected to discrimination and harassment on the basis of her race while employed by Cypresswood and Center for Pain Recovery.  Plaintiff alleges also that these Defendants retaliated against her for complaining about the discrimination and harassment.

After an adequate time to complete discovery, Defendants moved for summary judgment asserting, *inter alia*, that Plaintiff failed to file this lawsuit within ninety (90) days after receiving the Notice of Rights.  The Motion has been fully briefed and is now ripe for decision.

## II.    STANDARD FOR SUMMARY JUDGMENT

"For a defendant to obtain summary judgment on an affirmative defense, it must establish beyond dispute all of the defense's essential elements." *Bank of Louisiana v. Aetna U.S. Heathcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Community Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).  There exists a dispute precluding summary judgment if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).  The facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.  *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).  Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.*,  144 F.3d 377, 380 (5th Cir. 1998).

## III.   TIMING REQUIREMENT FOR FILING COMPLAINT

A plaintiff alleging a violation of Title VII must file her civil lawsuit no more than ninety (90) days after receiving the Notice of Rights from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1); *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2008). The ninety-day time limit is "strictly construed" and is a "precondition to filing suit in district court."  *Duron*, 560 F.3d at 290 (citing *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)).  A case filed after the ninety-day deadline is subject to dismissal unless there is some factual and legal basis for tolling.  *Jones v. Alcoa Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).  Where the actual date of receipt is unknown, there exists a presumption that receipt occurred three to seven days after the Notice of Rights was mailed.  *See Taylor*, 296 F.3d at 380, *see also Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 597 n.1 (applying a five-day presumption).

Plaintiff filed this lawsuit on November 10, 2010.  Consequently, her lawsuit would be timely only if she received the Notice of Rights from the EEOC on or after August 12, 2010.

The EEOC's Notice of Rights reflects that it was mailed on May 18, 2010. Plaintiff claims that she does not know the exact date she received the Notice of Rights, but applying the most generous presumption of seven days for delivery, the

receipt date would be May 25, 2010, more than ninety days before she filed her lawsuit on November 10, 2010.

It appears from the undisputed evidence in the record that Plaintiff in fact received the Notice of Rights letter in May 2010. Plaintiff has admitted sending an undated letter to the EEOC in May 2010. *See* Plaintiff's Answer to Interrogatory 3, Exh. E to Motion. In the May 2010 letter, Plaintiff writes "I have received your letter to dismiss my case in May." *See* May 2010 Letter, Doc. # 3-4, p. 1. In Plaintiff's letter, she states also that she understands that she has the right to sue and that she disagrees with the EEOC's statement that it was unable to conclude that the information she provided established a violation of the statutes. *See id.* at 3. These statements are virtual quotes from the May 18, 2010 Notice of Rights.

Plaintiff's counsel suggests that the May 2010 letter from Plaintiff to the EEOC was in response to a January 2010 letter from the EEOC. *See* Response, pp. 4-5. Plaintiff has presented no evidence to support this argument. In her Response to Defendants' Requests for Admissions, Plaintiff admitted that she sent the letter "after receiving the EEOC Dismissal and Notice of Rights." *See* Responses to Request for Admissions # 2, Exh. F to Motion. This admission is supported by a comparison of the three documents – the January 2010 letter, the May 2010 Notice of Rights, and the May 2010 letter from Plaintiff to the EEOC. The January 2010 letter does not state

that Plaintiff's claim is being dismissed, there are no statements advising Plaintiff of her right to sue, and there is no comment regarding the EEOC's inability to conclude that Plaintiff's evidence established a violation. *See* EEOC Letter dated January 21, 2010, Exh. B to Response. Plaintiff in her May 2010 letter to the EEOC, however, refers – using almost identical language – to these comments from the May 2010 Notice of Rights.

Based on Plaintiff's discovery responses and other undisputed evidence, together with the presumption of receipt within seven days after mailing, there is no genuine issue of material fact regarding Plaintiff's receipt of the Notice of Rights letter in May 2010.

Plaintiff asserts that her address changed after she filed the Charge of Discrimination with the EEOC. Plaintiff has produced a copy of an envelope dated June 2, 2010, which she claims contained the Notice of Rights letter and which she admits receiving. The envelope was addressed to Plaintiff's prior address, is postmarked June 2, 2012, and contains a "Notify Sender of New Address" notation. If the Court applied the most generous presumption to the June 2, 2012, mailing date, then applied the same generous presumption to the forwarding period, the receipt date of this copy of the Notice of Rights would have been received on June 16, 2010, significantly more than ninety days before the lawsuit was filed.

Plaintiff stated in response to Defendant's interrogatories that she received the Notice of Rights in August 2010.  She has not, however, provided any documentation or other explanation to support this statement.   Indeed, Plaintiff testified in her deposition that she did not know when she received the Notice of Rights letter postmarked June 2, 2010.  *See* Andres Deposition, Exh. D to Motion, pp. 228-230.  More importantly, Plaintiff has presented no evidence at all to suggest that she received the Notice of Rights after August 12, 2010, such that her lawsuit filed November 10, 2010, would be timely.  Because the uncontroverted evidence shows that Plaintiff received the Notice of Rights letter from the EEOC before August 12, 2010, Defendants are entitled to summary judgment on Plaintiff's Second Amended Complaint.

**IV.   CONCLUSION AND ORDER**

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding whether she received the EEOC's Notice of Right to sue on a date less than ninety (90) days before filing suit on November 10, 2010.  Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 96] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** as time-barred.  It is further

**ORDERED** that Defendants' Motion for Partial Summary Judgment on Plaintiff's Medical Damages Claim [Doc. # 97] is **DENIED AS MOOT**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **4th** day of **October, 2012**.

Nancy F. Atlas
United States District Judge